51 CCPA

## Application of Werner COUPETTE and Adolf Sickbert.

### Patent Appeal No. 7177.

United States Court of Customs and Patent Appeals.

June 25, 1964.

Michael S. Striker, New York City, for appellants.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 6–8 and 10–12 of application serial No. 686,284, filed September 26, 1957, for "Method of Producing Ferritic or Ferritic-Perlitic Steel Alloys." No claims are allowed.

The invention relates to a method for making steel by vacuum casting, which steel is said to have "good high temperature properties and exhibits a minimum tendency to embrittlement" and is useful in making "heavy forgings for turbine rotors and other major parts of machinery that will be subjected to high operational temperatures."

Claim 6 is representative and sufficiently describes the invention:

"6. In a method of producing high quality steel castings, the step of casting molten low alloyed steel containing up to 0.25% manganese and up to 0.10% silicon, while subjecting said molten steel during the casting of the same to a sub-atmospheric pressure of less than 10 mm mercury, whereby a steel casting of great mechanical resistance against the effects of exposure to high temperatures is formed."

Claims 7, 8 and 10 further recite use in the molten steel of "deoxidants" such as aluminum. Claim 11 says the steel is "capable of being refined by hardening with subsequent tempering" while claim 12 sets out specific percentages of alloying ingredients in addition to manganese and silicon.

The sole ground of rejection is obviousness of the claimed process under 35 U.S.C. § 103 in view of the following prior art:

| | | |
|---|---|---|
| Yensen | 1,277,523 | Sept. 3, 1918 |

Comptes Rendus, Volume 226, June 1948, pages 2150 and 2151

Electric Furnace Steel Proceedings, Volume 13, 1955 (pages 70–84)

---

The examiner rejected claims 6, 11 and 12 as "unpatentable over *Comptes Rendus* in view of the *Proceedings* or vice versa" and rejected claims 7, 8 and 10 "as claim 6 in view of Yensen." The board relied on Proceedings alone with respect to claims 6, 11 and 12 and Proceedings in view of Yensen for claims 7, 8 and 10.

Proceedings is a report of work done in degassing steels by vacuum ingot casting. Hydrogen dissolved in the steel is removed by casting at pressures of about 5 mm of Hg, which removal prevents flaking of the steel during cooling of forgings. The reference lists, in addition to preventing flaking, other advantages of vacuum casting. The steel described in Proceedings, closest in Mn and Si content to that used in appellants' process, contains 0.63% Mn and 0.38% Si.

Comptes Rendus deals with making high chromium steels by vacuum melting. The Mn and Si content of representative disclosed alloys is within appellants' claimed range.

Yensen teaches melting relatively pure iron at pressures comparable with those contemplated by appellants followed by

"the addition of silicon or aluminum to the molten bath while *in vacuo*" to reduce the oxygen content. The reference is relied on to show that using deoxidizers such as aluminum with molten ferrous materials is old.

Appellants concede that, broadly, vacuum casting of steel is old but contend that when one employs a steel whose Mn and Si content is as claimed there is obtained a low alloyed steel of "great mechanical resistance against the effects of exposure to high temperatures" which is unobvious and thus patentable.

The gist of the examiner's position is stated in his answer as follows:

"The use of vacuum casting and the inherent improvement in the mechanical properties of such casting would lead those skilled in the art to expect improved results in vacuum casting alloys of any composition."

The board added:

"Appellants' argument places considerable emphasis on the improved mechanical properties of the steel produced by the claimed process. We are unimpressed by this argument as a basis for patentability for the reason that the Proceedings reference clearly discloses similar improvements as being obtained by the vacuum casting process. * * * Appellants point out that the Proceedings reference is referring to 'high alloy' steels. This may be the case, but we are of the opinion that it would be obvious to those skilled in the art to try with any particular steel a casting process which had been found, as in the Proceedings, to be successful in improving mechanical properties of another steel. * * *

* * * * * *

"While, in the view we take of the case, we consider the composition of the steel not to be the controlling factor in evaluating patentability of the appealed claims because, in our opinion, it would be obvious to apply the vacuum casting process to any steel, we note, as the Examiner points out, that Comptes Rendus discloses vacuum casting of a steel having manganese and silicon contents within the claimed range."

Appellants in their brief consider the issue thus:

"This appears to be the crucial issue, namely that appellants have surprisingly found that vacuum casting of steel of a defined composition gives vastly superior results as compared with vacuum casting of other steel compositions, and that the Board of Appeals takes the position that once vacuum casting of steel was disclosed for any type of steel even if the composition thereof might be greatly different from that of the steel composition according to the appealed claims, no patentable significance could be attached to the vacuum casting of a specific steel composition even though surprisingly superior results might be obtained thereby."

We find no reversible error in the board's decision. Although appellants characterize their process and its results as "surprising" we fail to see that appellants have done anything unobvious to one skilled in this art. A fair reading of the Proceedings reference shows that vacuum casting is a technique of general applicability in casting steels and the reference points out that "The mechanical properties are likely to be influenced by the vacuum treatment; firstly, by reducing defects and improving purity in connection with the reduction of oxygen values." Assuming, arguendo, that appellants' steel is "superior" in mechanical properties at high temperatures, we are not convinced that such superiority results from anything unobvious in the process claimed. Vacuum casting is admittedly old and the art teaches that better mechanical properties result from such casting alone.

With respect to manganese and silicon content, we do not consider the claimed

values to be so different from those taught by the art as to render the process unobvious.

The decision of the board is affirmed.

Affirmed.